OPINION OF THE JUSTICES of the Supreme Court in Response to Questions propounded by the Governor of Delaware.

*(April 28, 1964.)*

To His Excellency Elbert N. Carvel, Governor of Delaware:

Reference is made to your letter dated April 7, 1964, addressed to the Chief Justice propounding certain questions upon which, pursuant to the authority contained in 10 *Del. C.*, § 141, and 29 *Del. C.*, § 2102, the opinions of the Justices are requested. The three questions so propounded are as follows:

"(1)  Does the proper construction of Art. 2, § 4 of the Delaware Constitution permit the Governor to take action in accordance with the enclosed proposed Statute to the end that legislation, such as is contemplated therein, may be constitutionally enacted in the year 1964:

(a)  For less than all counties of Delaware; or

(b)  For all counties of Delaware?

"(2)  Does the proper construction of Art. 2, § 4 of the Delaware Constitution permit the enactment of valid legislation in the year 1964 which would substantially reorganize and modernize the governments of all counties of Delaware:

(a)   Uniformly; or

(b)   In varying manner and degree?

" (3)   Does the answer to any of the foregoing questions change if the enactment of the 'first leg' of a constitutional amendment is involved, rather than ordinary legislation?"

We have carefully considered the questions upon which our opinions have been requested and respectfully submit our opinions thereon set forth below.

■■■ (1)   Upon Question No. 1 our unanimous opinion is as follows:

In so far as this question concerns the question of whether or not proposed legislation falls within the permissive category of subject matter which may be constitutionally considered by the so-called short session of the General Assembly required by Article II, § 4 of the Constitution, it is plain that such proposed legislation may be validly considered by the General Assembly only if it applies to all counties of the State. Our answer dated March 6, 1964 to a related question propounded by your letter of February 14, 1964 makes this conclusion abundantly clear. Opinion of the Justices, Del., 198 A.2d 687.

■■■ However, in so far as the question, by the manner in which it is framed, seeks to elicit an answer from us as to the constitutionality or nonconstitutionality of the statute proposed to effect a reorganization of county government, a copy of which is attached to your letter, we must respectfully decline to give an answer.

This proposed statute is not as yet even introduced in the General Assembly; it is still in the stage of a mere proposal. In brief, it would direct the appointment by you of Advisory Committees for each county and require

their report to you within a certain time. Following the receipt by you of the committee reports, those reports with such changes as may be determined by you may be submitted to the General Assembly and, if not rejected within 30 days by the General Assembly, the reports would become law as if enacted into law by statute.

We decline to express an opinion upon the constitutionality of this proposed statute for the reason that 10 *Del. C.*, § 141, and 29 *Del. C.*, § 2102, authorizing you to request our advisory opinion is limited to answers to questions "touching the proper construction of any provision in the Constitution of this State or of the United States, or the constitutionality of any law enacted by the legislature of this State." We have formerly so advised the Governor in our opinion given April 1, 1952. Opinion of the Justices, 8 Terry 117, 88 A.2d 128.

Since the legislation is still in the proposal stage, it is obvious that it does not fall within the purview of 10 *Del. C.*, § 141, or 29 *Del. C.*, § 2102. Without expressing a definite and considered opinion upon it, however, we do feel free to express to you the grave doubt we entertain as to its constitutionality if ultimately enacted in view of the basic constitutional doctrine of separation of powers. *State ex rel. Biggs v. Corley,* 6 W.W.Harr. 135, 172 A. 415, and Article II, § 10, of the Constitution requiring the final passage of legislation upon the yea and nay vote of the members of the General Assembly.

(2)   Upon Question No. 2 our unanimous opinion is as follows:

We are of the opinion that to be constitutionally valid any legislation enacted in 1964 must apply to all the counties of the State. Opinion of the Justices, Del., 198 A.2d 687.

(3) Upon Question No. 3 our unanimous opinion is as follows:

We respectfully decline to answer this question for the reason that it is a hypothetical one. In Opinion of the Justices, 8 Terry 177, 88 A.2d 128, we pointed out to the Governor that 10 *Del. C.*, § 141, and 29 *Del. C.* § 2102, required us to answer only questions having a bearing upon a present constitutional duty awaiting performance by the Executive. Since Question No. 3 has no bearing upon a present constitutional duty requiring your action, we respectfully request to be excused from answering it.

> CHARLES L. TERRY, Jr.
> Chief Justice
>
> DANIEL F. WOLCOTT
>
> JAMES B. CAREY
> Justices