OPINION OF THE JUSTICES OF THE SUPREME COURT IN RESPONSE TO A QUESTION PROPOUNDED BY THE GOVERNOR OF DELAWARE.

*(July* 1, 1964.)

Supreme Court of the State of Delaware, No. 64, 1964.

His Excellency, Elbert N. Carvel, Governor of Delaware:

Reference is made to your letter of June 4, 1964, addressed to the Chief Justice, requesting the opinion of the members of the Supreme Court upon a question involving

the construction of Senate Bill No. 276, which was signed by you on February 18, 1964.

Your letter states that following enactment of this legislation, approximately twelve hundred voters were registered at the office of the Department of Elections for New Castle County in reliance upon this legislation. We are further advised that, on April 27, 1964, the Attorney General issued an opinion holding that continuous central voter registration was not permitted by Senate Bill No. 276. In response to this opinion, the General Assembly passed Senate Bill No. 314, signed into law on May 8, 1964, which explicitly permitted continuous, central voter registration.

Accordingly, you have requested the opinion of the court pursuant to 10 *Del. C.* § 141, upon the following question:

"Are the individuals who registered with the Department of Elections for New Castle County between February 18, 1964 and May 8, 1964 validly registered at this time?"

We must note that the language of 10 *Del. Code* § 141, would normally restrict the rendition of advisory opinions to questions raising a Constitutional issue, a factor admittedly not present in the instant case. However, we are of the opinion that a prompt disposition of this matter will serve to preclude unnecessary litigation and to prevent inequitable disenfranchisement of otherwise eligible voters. In addition, the question raised is neither speculative nor hypothetical, but presents a current issue of general public interest. See Opinion of the Justices, Del., 200 A.2d 570 (1964). We, therefore, believe the question presents an issue appropriate for decision.

After an examination of Senate Bill No. 276, we are

of the opinion that continuous, central voter registration is permitted by this legislation. Section 2001 clearly distinguishes between regular registraton days held in the several registration districts, and special registration of those "who are residents of the county". In addition, Section 2002 empowers the Board of Elections to establish *"one* or more" (emphasis added) registration locations, a clear indication that the Legislature envisioned the possibility of one central location for registration.

On the other hand, the contentions advanced in the opinion of the Attorney General appear unpersuasive. In the first place, the Attorney General relies upon the language of Section 2002, which grants to the Auxiliary Registration Offices all the authority of local registration offices ". . . in their respective election districts", arguing that since the local registration officers may only register voters within their respective districts, the Auxiliary Officers are similarly restricted. However, the power of a local registration officer in his election district is the authority to register an elector, and it is this authority that the statute transfers to the Auxiliary Officer.

Secondly, the Attorney General relies upon the provisions of Section 2005, which requires notices of special registration to be posted within the election district in which specal registration is to be held. Such provision must be read 'with the additional requirement, contained in Section 2005, which provides for notice in a newspaper of general circulation within the entire county. Such an additional requirement would be meaningless unless central registration is intended. Compare 15 *Del. Code* § 1106.

Thirdly, the Attorney General indicates that comparable House Bills which explicitly permitted central registration were not passed. However, such failure to enact alternative legislation cannot be considered controlling

since the Legislature clearly could have acted upon the assumption that central voter registration was within the terms of the Senate Bill, and additional language was unnecessary. See 50 Am.Jur., Statutes Sec. 330.

■ The legislation in question, since it placed no restriction upon the number of days that could be designated as special registration days, clearly permitted continuous registration. Such opinion is corroborated by the administrative interpretation placed upon the statute by the Board of Elections. See 42 Am.Jur., Public Administrative Law, Sec. 77.

Our opinion is limited to the validity of continuous, central voter registration under Senate Bill No. 276. We are obviously unable to express any opinion as to the indivdual qualifications of the electors actually registered. As to these voters, their registration is, of course, subject to appeal as provided for in Section 2002 of the Act.

Subject to the above caveat, the question is, therefore, answered in the affirmative.

Respectfully submitted,

CHARLES L. TERRY, Jr.

Chief Justice

DANIEL F. WOLCOTT

Justice

JAMES B. CAREY

Justice