**OPINION OF THE JUSTICES of the Supreme Court in Response to Questions Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

April 30, 1973.

To His Excellency Sherman W. Tribbitt
Governor of Delaware

Reference is made to your letter of April 13, 1973, addressed to the Chief Justice, propounding a question to the Justices, pursuant to 10 Del.C. § 141 and 29 Del.C. § 2102. The question so propounded is as follows:

"Are leases of materiel subject to the provisions of Chapter 69, Title 29, of the Delaware Code as amended?"

The specific section in question of Chapter 69 is in the following language, quoted in your letter:

"All materiel required by any agency shall be purchased, and all work of a non-professional nature which is not to be performed by employees of the agency shall be performed, under a contract en-

tered into pursuant to the provisions of this chapter and after competitive bidding as provided for in this section; except that an agency may purchase materiel or contract for work to be performed without competitive bidding in the following instances:"

You state that interpretation of the aforesaid statutory language is particularly critical at the present time by reason of the fact that several state agencies have recently signed leases for various types of equipment involving annual payments far in excess of the minimum amounts excluded from the bid requirements of Chapter 69.

10 Del.C. § 141 requires the Justices of the Supreme Court, whenever requested to do so by the Governor, to give him their opinions in writing, "touching the proper constuction of any provision in the Constitution of this State or of the United States, or the constitutionality of any law enacted by the Legislature of this State." To the same effect is 29 Del.C. § 2102 authorizing the Governor to request such advisory opinions from the Justices of the Supreme Court.

It is of course obvious that the question upon which you seek an advisory opinion does not involve the proper construction of any provision of our Constitution or that of the United States, nor does it involve the constitutionality of any law of this State. The question seeks a purely statutory construction which is not within the purview of either *Code* section.

■ In Opinion of the Justices, Del. Supr., 8 Terry 117, 88 A.2d 128 (1952), the Justices of the Supreme Court, in response to a request from the then Governor for an advisory opinion, gave their opinion that "the subjects upon which advisory opinions may be required are those specified in the statute and none other."

■ In Opinion of the Justices, Del. Supr., 200 A.2d 570 (1964), we advised the

Governor that we are required to decline to give advisory opinions when the question propounded does not fit within the terms of the statute. We therefore must respectfully decline to answer the question propounded by you on the ground that it does not come within the purview of the statutory authorization for such opinions.

You refer in your letter to Opinion of the Justices, Del.Supr., 202 A.2d 276 (1964) in which we gave an advisory opinion to the Governor, even though the question asked did not involve a constitutional construction or the constitutionality of a statute of the State, but involved fundamentally a question of statutory construction. That opinion was rendered for the special reason stated therein. The statutory limitations upon advisory opinions were exceeded there, and a deliberate exception made, because to refuse to do so would have resulted in the "inequitable disenfranchisement of otherwise eligible voters." The exigency of time and the importance of the problem to the electorate present in that request for an advisory opinion were deemed to be overriding considerations.

■ We do not think that any such overriding consideration exists with respect to the provisions of 29 Del.C. § 6904(a). It is our obligation to avoid further exception to the statutory limitation.

■ We think the question is one which could be properly addressed to the Attorney General who, by reason of his office, is charged with the duty of advising the Executive Department upon such questions of law.

We recognize the problem the matter presents to you, and regret the necessity to respectfully decline to answer your question. As we pointed out, however, in our opinion to former Governor Carvel, reported at 88 A.2d 128, the requirement placed by statute upon the members of this Court to give advisory opinions is the placing

upon them of a nonjudicial duty and, therefore, in our opinion, should not be expanded beyond the precise terms of the statute.

Respectfully submitted,

DANIEL F. WOLCOTT
Chief Justice

JAMES B. CAREY

D. L. HERRMANN
Associate Justices.