**OPINION OF THE JUSTICES OF the SUPREME COURT in Response to a Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

Dec. 5, 1973.

To His Excellency Sherman W. Tribbitt Governor of Delaware

Reference is made to your letter dated November 7, 1973, received November 19, 1973, requesting the opinions of the Justices under 10 Del.C. § 141 * upon the following question.

"If local school district boards calculate a new tax rate following a general reassessment made pursuant to 14 Delaware Code § 1917(b), may they permissibly or legally use the 100% collection rate for fiscal year 1972–73 as a base, add the 10% allowed by § 1917(b) and then also add another 10% for delinquencies pursuant to § 1917(a)?"

 It appears that the question propounded does not involve "the proper con-

---

* 10 Del.C. § 141 provides:
"§ 141. Opinions of the Justices upon request of the Governor
"The Justices of the Supreme Court, whenever the Governor of this State shall require it for public information, or to enable him to discharge the duties of his office with fidelity, shall give him their opinions in writing touching the proper construction of any provision in the Constitution of this State or of the United States, or the constitutionality of any law enacted by the Legislature of this State."
See also 29 Del.C. § 2102.

struction of any provision in the Constitution of this State or of the United States, or the constitutionality of any law enacted by the Legislature of this State", within the purview of 10 Del.C. § 141. We must respectfully decline to express advisory opinions upon the question presented for the reason that it does not qualify within the statutory authorization.

■ It has been the general policy of the Justices over the years to decline to furnish advisory opinions when the question propounded does not fall within the statutory limitations. Opinions of the Justices, Del.Supr., 8 Terry 117, 88 A.2d 128 (1952); Opinion of the Justices, Del. Supr., 200 A.2d 570 (1964); Opinion of the Justices, Del.Supr., 305 A.2d 608 (1973). The policy is based upon the premise that, since the requirement imposed by the Statute upon the members of this Court to give advisory opinions is the placing upon them of a non-judicial duty, it should not be expanded beyond the precise terms of the Statute, for constitutional as well as other reasons. See especially Opinions of the Justices, Del.Supr., 8 Terry 117, 88 A.2d 128 (1952) for a discussion of the constitutional problems involved in any such expansion.

In accordance with the suggestion contained in your letter, we have considered whether the instant question presents "overriding considerations" such as resulted in the exception to the stated general policy appearing in Opinion of the Justices, Del.Supr., 202 A.2d 276 (1964). Involved there was the imminent "inequitable disenfranchisement of otherwise eligible voters". We do not think that any such overriding consideration exists here. As stated in Opinion of the Justices, Del. Supr., 305 A.2d 608 (1973), we deem it "our obligation to avoid further exception to the statutory limitation".

Accordingly, our unanimous response must be that we regretfully decline to fur-nish advisory opinions on the question here presented.

Respectfully,

DANIEL L. HERRMANN
Chief Justice

JAMES B. CAREY
WILLIAM DUFFY
Associate Justices.