**OPINION OF THE JUSTICES OF the SUPREME COURT in Response to a Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

Dec. 12, 1973.

---

To His Excellency Sherman W. Tribbitt
 Governor of Delaware

On December 6 the Justices of the Supreme Court received from you a request for our opinion concerning proposed Constitutional amendments which have been under consideration by the General Assembly. Chief Justice Herrmann has disqualified himself and Superior Court Judge Clarence W. Taylor has joined the other Justices in responding to your request.

The question as to which you ask our opinion is this:

"Do the provisions of Article 3, § 3.07 of the proposed Constitutional amendments to the Constitution of the State of Delaware mean, in the light of § 10 of the Schedule to the proposed Constitutional amendments and the provisions of 18 Delaware Code § 302, that the Insurance Commissioner will be an elected or an appointed officer following the effective date of the proposed Constitutional amendments if they are adopted?"

Before addressing ourselves to the question, we note that 10 Del.C. § 141, on which your inquiry is based, provides that the Justices, upon request of the Governor, may give him their advisory opinion "touching the . . . constitutionality of any proposed constitutional amendment". We take judicial notice of the present status of the proposed amendments and we note that under Schedule 1 these "shall take effect on July 1 of the calendar year following the date of enactment". This means that unless the amendments are approved by December 31, 1973, they cannot become effective before July 1, 1975. Since time may be important and because of the possible significance of our opinion, we have assumed, without deciding, that your request is within the provisions of 10 Del.C. § 141. Compare Opinion of the Justices, Del.Supr., 202 A.2d 276 (1964). Given the importance of the proposed amendments to the people of the State, we conclude that your inquiry concerning them presents an overriding consideration which permits the assumption we have made. In short, we have proceeded to consider your inquiry on its merits without researching, in the time available, the question as to whether it falls within the precise perimeters of § 141.

Turning now to the stated question, we first note that the Insurance Commissioner is under present law both a Constitutional and statutory officer. Art. 3, § 21 and 18 Del.C. § 302. The statute, of course, follows the Constitution and provides that the Insurance Commissioner is to be elected for a term of four years. By the specific terms of Schedule 5 of the proposed amendments, the Commissioner's term of office will "not be vacated, or affected by" the Constitution if it is approved; he will serve until expiration of the term for which he was elected.

■ If the proposed amendments are approved, the Insurance Commissioner will no longer be a Constitutional officer. See Official Transcript of Proceedings of the Joint Legislative Committee on Constitutional Revision, Vol. V, p. 485–496; Vol. IX, p. 985. In short, Art. 3, § 21 will be repealed but, in our view, the office will continue to be subject to the provisions of 18 Del.C. § 302, which provides in part as follows:

"(a) The Insurance Commissioner shall be the chief officer of the Insurance Department.

(b) The Commissioner shall be elected by the qualified electors of the State at a general election for a term of 4 years, and shall be commissioned by the Governor."

In saying this we are aware that Art. 3, § 3.07 of the proposed amendments provides that

"The Governor shall have the power to appoint, with the consent of a majority of the members elected to the Senate, the head of each executive department who shall serve at his pleasure."

The key language in this Section is "executive department". We pause to point out that nowhere in our present law, so far as we have been able to determine, nor in the proposed amendments is that phrase defined. To ascertain what is intended by the language we must, therefore, look to other language in the Constitution, present and proposed, and to our law. In so doing we emphasize that out opinion here is limited to a consideration of the question which you asked concerning the Insurance Commissioner.

■ Is the Insurance Department an "executive department" within the meaning of proposed § 3.07? We think that the

proposed amendments do not require it to be an executive department and the existing statute does not constitute it as an executive department. Certainly nothing in the Section specifically concerns the Insurance Department, nor do we find anything implicit therein which would authorize the Governor to appoint the head of that Department. In reaching this conclusion we note the following:

(1) The Insurance Commissioner has been since at least 1897 a Constitutional officer elected by popular vote. Art. 3, § 21.

(2) The Insurance Department was recently reorganized, effective November 1, 1968, and it was "continued" as a "Department" with the Commissioner as its "chief officer". 18 Del.C. § 101, etc.

(3) The Insurance Code gives the Commissioner power to appoint and remove a Deputy, § 309, to appoint and fix the compensation of staff, § 318 [§ 310], and so on. In contrast, in an agency which is clearly within the structure of the Executive Branch certain of those powers are conferred upon the Governor; see, for example, 29 Del.C. §§ 8202–8203, relating to the Department of Public Safety. And under 18 Del.C. § 319 the Insurance Commissioner reports annually to the General Assembly, not the Governor.

(4) Under well-established present law the Governor has no inherent power to make appointments.* State v. Emerson, Del.Super., 8 A.2d 154 (1939).

(5) We find no significant change in the general powers proposed to be vested in the Governor by the amendments. Thus, under the present Constitution, Art. 3, § 1, the "supreme executive powers" of the State are vested in the Gov-

* As we have pointed out, Art. 3, § 3.07 of the proposed amendments may significantly change this (but not with respect to the Insurance Commissioner) or require a different analysis of the Governor's powers

because it would confer upon the Governor a general power to appoint the "head of each executive department". Definition of that phrase by appropriate legislation would be helpful in eliminating future uncertainties.

**594**

ernor, and under Art. 3, § 301 [3.01] of the proposed amendments the "executive power of this State" is to be vested in the Governor.

We note also the provision of Art. 3, § 3.06 which is concerned with the structure of the Executive Branch; it provides

> "All functions, powers, and duties of the offices, agencies, and instrumentalities of the executive branch shall be as provided by law."

This Section would provide a Constitutional basis by which the Insurance Department may be made an office or agency or instrumentality of the Executive Branch, but until that is accomplished by statute it is our view that it does not become a part thereof. To put it another way, any reorganization which would incorporate the Insurance Department and the person in charge thereof within the Executive Branch should be accomplished by statute or specific law and not by merely construing § 3.07 to give the Governor the power to appoint the head of that Department, serving at his pleasure.

It is our opinion that if the proposed amendments become effective, the Department will continue to be governed under the provisions of 18 Del.C. § 101 etc., headed by a Commissioner elected as provided in § 302 thereof. The Constitutional basis for such an election will have been removed but the statute will continue viable because of the specific provisions of Schedule 10 of the proposed amendments; it provides that laws existing at the time the amendments become effective and not inconsistent with it remain in force except as they may be altered by future laws. The General Assembly will be free to amend the manner in which the Insurance Commissioner is selected but until that is done § 302 will remain in full force and effect.

In sum, it is our opinion that Art. 3, § 3.07 of the proposed amendments does not mean that the Insurance Commissioner will be an appointed officer following the effective date of the amendments; he will continue to be an elected officer unless and until that is changed or amended by act of the General Assembly.

In considering the question which Your Excellency has asked of us, we have had the valuable assistance of Richard S. Gebelein, Esquire, Deputy Attorney General, who argued that the Insurance Commissioner will continue to be an elected official, and of Paul H. Boswell, Esquire, who, at our request, presented legal arguments in opposition thereto. We express our appreciation to each of them for their professional assistance.

Respectfully,

s/ James B. Carey,
J.

s/ Wm. Duffy,
J.

s/ Clarence W. Taylor,
J.